GOLDOWITZ et al. v. HENRY KUPFER & CO.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

DISCOVERY (§ 49*)—EXAMINATION BEFORE TRIAL—CORPORATIONS.

On an issue as to execution of a contract by defendant business corporation, an order for examination of the president before trial was proper; execution or nonexecution being presumptively within his knowledge.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig. § 49.*]

Appeal from City Court of New York, Special Term.

Action by Isaac Goldowitz and another against Henry Kupfer & Co. From an order vacating an order for an examination of defendant's president before trial, plaintiffs appeal. Reversed, and motion denied.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Henry I. Kowalsky, of New York City, for appellants.
Leo G. Rosenblatt, of New York City, for respondent.

PER CURIAM. Action to recover for the breach of an alleged contract for the sale and delivery of certain goods by the defendant to the plaintiffs. The answer, among other things, denied the making of the alleged contract, and averred that it was never subscribed by the defendant or its agent, and was and is null and void.

Plaintiff's moving affidavit alleged that the defendant's president had personal knowledge of all the facts relating to the making of the alleged contract, and plaintiff claimed that he as the defendant's executive officer was the proper witness by whom to prove the execution and authenticity of the alleged contract. The order was vacated on the ground that an inspection and discovery of the defendant's books was the proper remedy, also because its president's personal knowledge was insufficiently shown. The president as the defendant's executive officer was not only the proper witness, but the best witness by whom to prove whether the contract was executed or authorized by the defendant. The execution or nonexecution of a contract by a business corporation is a question of fact within the knowledge of its executive officers, rather than a matter of book entry or bookkeeping.

Order reversed, with $10 costs and disbursements, and motion to vacate denied, with $10 costs.